798 A.2d 111

STATE OF NEW JERSEY IN THE INTERESTS
OF R.C., A JUVENILE.

Superior Court of New Jersey
Appellate Division

Argued January 15, 2002—Decided May 29, 2002.

Before Judges SKILLMAN, WALLACE, JR., and
CARCHMAN.

*John P. Reilly* argued the cause for appellant R.C.

*Patricia S. Toreki,* Assistant Ocean County Prosecutor, argued
the cause for respondent State of New Jersey (*Thomas F. Kelah-
er,* Prosecutor, attorney; *Ms. Toreki,* of counsel and on the brief).

*Robert E. Bonpietro,* Deputy Attorney General, argued the
cause for amicus curiae, State of New Jersey (*John J. Farmer,
Jr.,* Attorney General, attorney; *Mr. Bonpietro,* of counsel and on
the brief).

*Bernadette DeCastro,* Acting Deputy Public Defender II, ar-
gued the cause for amicus curiae, Office of the Public Defender
(*Peter A. Garcia,* Acting Public Defender, attorney; *Ms. DeCas-
tro,* of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

Since 1983, the Code of Juvenile Justice (Juvenile Code) has
provided that a juvenile over the age of fourteen who is charged

with any of certain enumerated serious offenses, commonly referred to as "Chart 1" offenses, see *State v. R.G.D.*, 108 *N.J.* 1, 11–12, 527 *A.*2d 834 (1987), may be waived to adult court for trial if there is probable cause to believe the juvenile has committed the offense, unless "the juvenile can show that the probability of his rehabilitation by the use of the procedures, services and facilities available in the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for waiver." *N.J.S.A.* 2A:4A–26e (formerly *N.J.S.A.* 2A:4A–26a(3)). In 2000, the Legislature amended this section of the Juvenile Code to eliminate the right of a juvenile sixteen years of age or older to defeat a prosecutor's motion to waive a charge of a Chart 1 offense to adult court by showing a probability of rehabilitation before the age of nineteen. *L.* 1999, *c.* 373, § 1. This amendment also required the Attorney General to "develop for dissemination to the county prosecutors those guidelines or directives deemed necessary or appropriate to ensure the uniform application of [the waiver] section throughout the State." *N.J.S.A.* 2A:4A–26f.

Pursuant to this directive, the Attorney General issued Guidelines that identify factors a prosecutor must consider in determining whether to file a motion for waiver to adult court. The Attorney General's Guidelines also provide that "[t]he assistant prosecutor making the initial waiver decision shall prepare a written statement of reasons for waiver ... [that] shall include an account of all factors considered and deemed applicable[,] ... [which] shall be reviewed and approved by the County Prosecutor or by his or her designee."

The primary issues presented by this appeal are whether a prosecutor's motion for waiver to adult court of a charge of a Chart 1 offense against a juvenile over sixteen must be supported by the "written statement of reasons for waiver" required by the Attorney General's Guidelines and whether a prosecutor's waiver decision is subject to judicial review.

We conclude that a prosecutor's motion for waiver to adult court of a juvenile complaint that falls within the Attorney General's

Guidelines must be accompanied by a copy of the prosecutor's statement of reasons and that a prosecutor's waiver decision is subject to judicial review. We also conclude that a prosecutor's motion for waiver of such a complaint must be granted unless the juvenile shows by clear and convincing evidence that the decision constituted a patent and gross abuse of discretion. Because the trial court granted the Prosecutor's motion to waive this case to adult court without reviewing the adequacy of his statement of reasons, we vacate the order of waiver and remand the case to the Family Part.

This case was initiated by the filing of a juvenile delinquency complaint charging R.C. with acts which, if committed by an adult, would constitute aggravated arson, in violation of *N.J.S.A.* 2C:17–1a(2), criminal mischief, in violation of *N.J.S.A.* 2C:17–3a(1), and burglary, in violation of *N.J.S.A.* 2C:18–2a(1). These charges were based on allegations that R.C., who was then sixteen years old, and three other juveniles, who were under sixteen, broke into a car dealership late on the night of March 10, 2001, and set a fire that caused several million dollars in property damage.

The Ocean County Prosecutor filed a motion with the Family Part within the thirty-day period allowed under *N.J.S.A.* 2A:4A–26d and *Rule* 5:22–2 to waive the complaint against R.C. to the Law Division. The juvenile opposed the motion on the ground that it was not supported by the "written statement of reasons for waiver" required by the Attorney General's Guidelines.

Before the return date, the Prosecutor submitted a document to the trial court, dated May 29, 2001, which was entitled "Written Statement of Reasons for Waiver in 'Prosecutorial Waiver' Case[,] Juvenile—[R.C.], ... Most Serious Charge—Aggravated Arson." In addition, the assistant prosecutor responsible for handling the case submitted a certification which stated that she had met with the Prosecutor on April 17, 2001, and showed him various documents that outlined the factual allegations underlying the charges against R.C. and his confederates, the juveniles' ages, and their prior records. The assistant prosecutor stated that she discussed

the case with the Prosecutor, and that he had "[taken] into consideration the nature and circumstances of the fire, the role of [R.C.], and the need to deter [R.C.]" in deciding to file a motion to waive the charges to the Law Division. The assistant prosecutor concluded her certification with a representation that the May 29, 2001 written statement of reasons for trying R.C. as an adult "merely incorporate[d] the conclusions" reached in her April 17, 2001 meeting with the Prosecutor.

The Prosecutor contended that the juvenile's argument that the waiver was defective because it was not supported by a written statement of reasons was mooted by the submission of his May 29, 2001 "Written Statement of Reasons for Waiver." In the alternative, the Prosecutor contended that the preparation of such a statement is only "an internal office procedure," and therefore he was not required to submit it to the juvenile or to the court.

The trial court concluded that the only issue a court is required to decide when a prosecutor moves to waive a charge of Chart 1 offense against a juvenile over the age of sixteen to adult court is whether there is "probable cause" to believe that the juvenile has committed an act which, if committed by an adult, would constitute one of the serious offenses enumerated in the second sentence of *N.J.S.A.* 2A:4A–26e. The court concluded that a prosecutor is not required to submit a statement of reasons for the waiver to either the juvenile or the court, and that this decision is not subject to judicial review. The court further concluded that if a juvenile is charged with multiple acts of juvenile delinquency arising out of the same incident, only one of which is subject to automatic waiver upon application of the prosecutor, the other charges are not subject to the waiver.[1] Accordingly, the court entered an order

---

[1] Although this part of the trial court's ruling is not before us, we note that *N.J.S.A.* 2A:4A–26c states that "[a]n order referring a case shall incorporate therein not only the alleged act or acts upon which the referral is premised, but also all other delinquent acts arising out of or related to the same transaction."

granting the Prosecutor's motion to waive the aggravated arson charge against R.C. to the Law Division but denying his motion to also waive the criminal mischief and burglary charges.

We granted R.C.'s motion for leave to appeal from the part of the order that waived the aggravated arson charge to the Law Division. Subsequently, we denied the Prosecutor's motion for leave to cross-appeal from the part of the order that denied his motion to also waive the other charges against R.C. We granted the Public Defender's motion to file an amicus curiae brief in support of the juvenile's position and the Attorney General's motion to file an amicus curiae brief in support of the Prosecutor.

We first consider whether a prosecutor's written statement of reasons for a decision to waive a complaint of a Chart 1 act of juvenile delinquency to adult court must be submitted to the juvenile and the trial court and whether this decision is subject to judicial review. We then consider the appropriate disposition of this appeal in light of our answers to those questions.

I

The Juvenile Code provides that a charge of an act of juvenile delinquency shall be waived to adult court without the juvenile's consent upon a showing that "[t]he juvenile was 14 years of age or older at the time of the charged delinquent act," *N.J.S.A.* 2A:4A–26a(1), and that "[t]here is probable cause to believe that the juvenile committed [one of the delinquent acts enumerated in *N.J.S.A.* 2A:4A–26a(2)(a) to (i) ]." *N.J.S.A.* 2A:4A–26a(2). If the juvenile is charged with one of the less serious acts of delinquency enumerated in *N.J.S.A.* 2A:4A–26a(2), the State also must show that "the nature and circumstances of the charge or the prior record of the juvenile are sufficiently serious that the interests of the public require waiver." *N.J.S.A.* 2A:4A–26a(3). However, the State is not required to make this showing with respect to certain more serious offenses enumerated in *N.J.S.A.* 2A:4A–26a(2)(a),(e)

and (i), commonly referred to as "Chart 1" offenses.[2] Instead, the court must waive such charges to adult court unless "the juvenile can show that the probability of his rehabilitation by use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for waiver." *N.J.S.A.* 2A:4A–26e.

The 2000 amendment to the Juvenile Code provides that a juvenile sixteen years of age or older may not prevent waiver of a complaint charging a Chart 1 offense to adult court by showing a probability of rehabilitation before the age of nineteen that outweighs the reasons for waiver. *N.J.S.A.* 2A:4A–26e. This amendment also directs "[t]he Attorney General [to] develop for dissemination to the county prosecutors those guidelines or directives deemed necessary or appropriate to ensure the uniform application of [the waiver] section through the State." *N.J.S.A.* 2A:4A–26f.

Pursuant to this legislative directive, the Attorney General issued "Juvenile Waiver Guidelines," effective March 14, 2000. One of the introductory sections of the Guidelines observes that even though under prior law a juvenile over sixteen charged with a serious offense "had very little chance of defeating a waiver motion," a hearing to determine whether there was a probability the juvenile could be rehabilitated before the age of nineteen could delay prosecution of the case by "as much as a year or more." *Attorney General's Juvenile Waiver Guidelines* (March 14, 2000) ("*Guidelines* "), at 3. Thus, the intent of the 2000 amendment to *N.J.S.A.* 2A:4A–26e was to conserve prosecutorial and judicial resources, to expedite criminal prosecutions, and to ease overcrowding in juvenile detention facilities. *Id.* at 2–3.

---

[2] Those offenses are homicide other than death by auto, first degree robbery, carjacking, aggravated sexual assault, sexual assault, second degree aggravated assault, kidnapping, aggravated arson, strict liability drug induced death, *N.J.S.A.* 2A:4A–26(2)(a), certain other offenses committed while a juvenile is in possession of a firearm, *N.J.S.A.* 2A:4A–26(2)(i), and certain serious drug offenses, *N.J.S.A.* 2A:4A–26(2)(e).

 

The *Guidelines* contain both substantive standards a prosecutor must apply in determining whether to move for waiver to adult court of a charge of a Chart 1 offense against a juvenile over sixteen and procedural requirements a prosecutor must follow in making this determination.[3] The substantive standards are a list of "factors" a prosecutor must consider in determining whether to file such a waiver motion: (1) nature of the offense; (2) deterrence; (3) effect on co-defendants; (4) maximum sentence and length of time served; (5) prior record; (6) trial considerations; and (7) victim's input.

The *Guidelines* prescribe the following procedures to assure that a prosecutor has considered these factors:

> The assistant prosecutor making the initial waiver decision shall prepare a written statement of reasons for waiver. The statement shall include an account of all factors considered and deemed applicable.

> The waiver decision shall be reviewed and approved by the County Prosecutor or by his or her designee. The County Prosecutor may designate an assistant prosecutor to perform this function. The chief of the juvenile unit in the County Prosecutor's Office may be designated to perform this function, provided the chief of the juvenile unit is not the assistant prosecutor making the initial waiver decision.

The Attorney General argues that even though the *Guidelines* were issued pursuant to legislative directive "to ensure the uniform application . . . throughout the State" of the statutory provisions governing the waiver of juvenile cases to adult court, and a prosecutor is required to comply with those *Guidelines,* a prosecutor is not required to disclose the "written statement of reasons

---

[3] The *Guidelines* only apply to the new category of waiver cases established by the 2000 amendment, under which a juvenile over sixteen may not defeat a waiver motion by showing a probability of rehabilitation before reaching the age of nineteen. An introductory section of the *Guidelines* notes that "[p]rocedures for the other cases subject to involuntary waiver [to adult court] have not been changed and no guidelines are necessary." This section states that "[f]or those juveniles subject to waiver, who may still overcome the waiver request by showing that the probability of rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for waiver, a substantial body of caselaw exists which provides adequate guidance to prosecutors."

for waiver" to the juvenile or the court, and the sufficiency of the statement to justify waiver to adult court is not subject to judicial review. The Attorney General characterizes the statement of reasons for waiver as "an internal document of the prosecutor's office which is not discoverable by the defense." In the alternative, the Attorney General takes the position that if a prosecutor's decision to seek waiver to adult court is subject to judicial review, such a decision must be upheld in the absence of a showing of "gross abuse of discretion, arbitrariness or bad faith."

The Public Defender argues that if the 2000 amendment to the Juvenile Code is construed to give a county prosecutor unfettered discretion to determine whether a complaint charging a juvenile over sixteen with a Chart 1 offense shall be waived to adult court, the amendment violates Article III, paragraph 1 of the New Jersey Constitution, which requires separation of the powers of government among the legislative, executive and judicial branches and prohibits persons belonging to one branch from exercising any of the powers properly belonging to any of the others. The Public Defender also notes that a court has a duty to construe a statute so as to preserve its constitutionality if it is reasonably susceptible to such an interpretation.

The Legislature's intent in directing the Attorney General to "develop for dissemination to the county prosecutors those guidelines or directives deemed necessary or appropriate to ensure the uniform application ... throughout the State" of the statutory provisions governing the waiver to adult court of juvenile delinquency complaints must be determined in light of the judicial interpretation of requirements of Attorney General guidelines in other related contexts. In *State v. Lagares*, 127 *N.J.* 20, 31–32, 601 *A.*2d 698 (1992), the Court held that to preserve the constitutionality of *N.J.S.A.* 2C:43–6f, which confers discretion upon a prosecutor to seek imposition of an extended term of imprisonment upon a repeat drug offender, the Attorney General is required to adopt "guidelines" to control the county prosecutors' exercise of their discretionary authority to apply for sentencing

under this provision. The Court stated that "[s]uch guidelines ... promote uniformity and provide a means for prosecutors to avoid arbitrary or abusive exercises of discretionary power." *Id.* at 32, 601 *A.*2d 698. In addition, the Court held that "prosecutors must state on the trial court record the reasons for seeking an extended sentence[,]" and that the sufficiency of this statement is subject to judicial review. *Ibid.*

Similarly, in *State v. Vasquez,* 129 *N.J.* 189, 195–97, 609 *A.*2d 29 (1992), the Court held that to preserve the constitutionality of *N.J.S.A.* 2C:35-12, which confers authority upon a county prosecutor to waive the mandatory period of parole ineligibility for a school zone drug offense, the Attorney General is required to adopt "guidelines" for the exercise of this prosecutorial discretion. The Court also held that a prosecutor is required to state the reasons for a waiver decision on the record, and that a prosecutor's decision is subject to judicial review. *Id.* at 196, 609 A.2d 29.

Thus, when the Legislature amended the Juvenile Code in 2000, the existence of a requirement that the Attorney General issue guidelines to assure statewide uniformity in the exercise of prosecutorial discretion had a well-understood meaning, which included a requirement that the prosecutor prepare a statement of reasons showing compliance with the guidelines and that the defendant have an opportunity for judicial review of the prosecutor's decision. Therefore, we conclude that it was implicit in the legislative directive that the Attorney General shall disseminate "guidelines or directives deemed necessary or appropriate to ensure ... uniform application of [the waiver] section [of the Juvenile Code] throughout the State" that county prosecutors must comply with those guidelines or directives and that a juvenile is entitled to judicial review to ensure such compliance. This interpretation of *N.J.S.A.* 2A:4A–26f avoids the serious separation of powers issues that would be raised if the 2000 amendment of the Juvenile Code were construed to give a county prosecutor unreviewable authority to decide whether to waive serious charges against a juvenile over sixteen to adult court. See *State v. Brimage,* 153 *N.J.* 1, 10–13,

706 A.2d 1096 (1998); *Lagares, supra,* 127 *N.J.* at 26–33, 601 A.2d 698; *State v. Leonardis,* 73 *N.J.* 360, 369–72, 375 A.2d 607 (1977).

We reject the Attorney General's argument that judicial review of a prosecutor's decision to waive a charge of a Chart 1 offense against a juvenile to adult court would be inconsistent with the legislative intent to shorten such waiver proceedings by eliminating the opportunity to show "the probability of [the juvenile's] rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for the waiver." The determination of the probability of rehabilitation before the age of nineteen requires an evidentiary hearing at which the juvenile and the State ordinarily present expert testimony. Consequently, there is frequently delay in scheduling such a hearing. Moreover, the presentation of expert testimony and other evidence relevant to this determination may consume a substantial amount of time. See *Guidelines* at 2–3. In contrast, a trial court's review of a prosecutor's statement of reasons to waive a juvenile complaint to adult court may be made summarily based on the court's review of the written statement and other pertinent documentary materials. Thus, as in cases involving judicial review of a prosecutor's refusal to consent to a defendant's admission into the pretrial intervention program (PTI), there is no reason to believe that judicial review of prosecutorial waiver decisions will unduly delay the prosecution of serious criminal charges against juveniles or consume substantial judicial resources.

We also reject the Attorney General's argument that the requirement that a prosecutor submit a copy of the statement of reasons for waiver of a juvenile complaint to adult court would "place[ ] the State in a tenuous position of potentially revealing sensitive material which could have an adverse impact upon the ability of the State to prosecute the matter." We anticipate that a prosecutor's statement of reasons for a waiver decision ordinarily would contain less information about the State's case than is required to be revealed in pretrial discovery. In any event, if a

statement of reasons, or one of the other documents required to defend a waiver decision, contains sensitive material, the prosecutor can apply to the court for an appropriate protective order.

## II

■ Our conclusion that a prosecutorial decision to waive a juvenile complaint charging a Chart 1 offense against a juvenile over the age of sixteen to adult court is subject to judicial review also requires us to determine the standard of review. There are two standards of judicial review of prosecutors' discretionary decisions which must be considered. One is the standard that governs review of a prosecutorial decision to seek a mandatory extended term sentence or waive a mandatory parole ineligibility term, which is whether the defendant has shown clearly and convincingly that the prosecutor's decision was "arbitrary and capricious." *Vasquez, supra,* 129 *N.J.* at 196, 609 *A.*2d 29; *Lagares, supra,* 127 *N.J.* at 33, 601 *A.*2d 698. The Supreme Court has recently held that this standard also applies to a decision by the Attorney General or a county prosecutor to seek a forfeiture of public employment based on a conviction for a disorderly or petty disorderly persons offense. *Flagg v. Essex County Prosecutor,* 171 *N.J.* 561, 796 *A.*2d 182 (2002). The other standard is the one governing review of a prosecutor's refusal to consent to a defendant's admission into PTI, which is whether the defendant has clearly and convincingly established that the prosecutor's refusal constituted a "patent and gross" abuse of discretion. *State v. Wallace,* 146 *N.J.* 576, 582, 684 *A.*2d 1355 (1996); *State v. Dalglish,* 86 *N.J.* 503, 511–13, 432 *A.*2d 74 (1981).

We conclude that a prosecutor's decision concerning the waiver of a juvenile complaint to adult court has greater similarity to a prosecutor's refusal to consent to a defendant's admission into PTI than to a prosecutor's sentencing decisions. Both a decision whether to consent to a defendant's admission into PTI and a decision whether to waive a juvenile complaint to adult court are made subsequent to the initial decision to charge a person with a

criminal offense. Such prosecutorial decisions involve consideration of a wide range of circumstances relating to the offense charged and the alleged offender's personal circumstances, and are closely related to a prosecutor's "charging function." See *State v. Caliguiri*, 158 *N.J.* 28, 37, 726 *A.2d* 912 (1999). Thus, such decisions are characteristic of "those determinations typically made by prosecutors in their law enforcement capacity," which are ordinarily subject to only "limited" judicial review. *Flagg, supra*, 171 *N.J.* at 571, 796 *A.2d* 182. Moreover, this limited review will further the legislative intent to confer primary responsibility upon the county prosecutors for waiver decisions involving juveniles over the age of sixteen charged with Chart 1 offenses while at the same time providing an adequate safeguard against the arbitrary exercise of this discretionary authority. Therefore, we conclude that a prosecutor's decision to waive a juvenile complaint charging a juvenile over sixteen with a serious offense to adult court is subject to judicial review only for a "patent and gross" abuse of discretion.

### III

Finally, we consider the appropriate disposition of this appeal in light of our conclusions that a prosecutor must submit the statement of reasons for waiver to adult court to the juvenile and the court and that a prosecutorial waiver decision is subject to judicial review under the patent and gross abuse of discretion standard. The Prosecutor's motion to waive this case was not accompanied by a written statement of reasons. In fact, the assistant prosecutor responsible for handling the case did not even prepare a written statement until the juvenile opposed the motion for waiver on the ground that the *Guidelines* require a prosecutor's waiver decision to be supported by such a statement. Moreover, the trial court did not undertake to review this statement after it was prepared.

The juvenile argues that because the Prosecutor's waiver decision was made before the written statement of reasons was

prepared and thus the motion was not accompanied by the statement, the motion was fatally defective and could not be cured by submission of a statement of reasons after expiration of the thirty-day period for seeking a waiver of a juvenile complaint to adult court. The juvenile also argues that the Prosecutor has not shown "good cause" for extending this thirty-day period to allow late perfection of his waiver motion.

The *Guidelines* provide that "[t]he assistant prosecutor making the initial waiver shall prepare a written statement of reasons for waiver" and that "[t]he waiver decision shall be reviewed and approved by the County Prosecutor or by his or her designee." Thus, we agree with the juvenile that the *Guidelines* contemplate that the assistant prosecutor making the initial waiver decision will prepare the written statement of reasons before submitting this recommendation to the prosecutor or his designee for approval. We also agree with the juvenile that because the statement of reasons must be prepared before a prosecutor approves the waiver to adult court, a motion for waiver should be accompanied by a copy of the statement.

But even though the assistant prosecutor responsible for handling this case did not initially prepare a written statement of the reasons for waiver to adult court, it does not follow that the motion was fatally defective and that this case must now be tried in the Family Part. The thirty-day period following receipt of a juvenile complaint within which a prosecutor must file a motion for waiver to adult court may be extended for "good cause." *N.J.S.A.* 2A:4A–26d. Consequently, if a waiver motion is filed within the thirty-day period, but is procedurally defective, the defect may be cured beyond the thirty-day period for "good cause."

We are satisfied that this was an appropriate case for such an extension of time for perfection of the Prosecutor's motion for waiver. When the motion was filed, there was no reported decision interpreting the 2000 amendment to the waiver provision of the Juvenile Code or the Attorney General's *Guidelines.* Thus, the Prosecutor's failure to fully understand and comply with the

requirements of the *Guidelines* was excusable. Moreover, the assistant prosecutor responsible for handling the case has certified that the reasons for waiver and supporting documentation were submitted to the Prosecutor in a face-to-face meeting before the motion was filed. Consequently, the Prosecutor has demonstrated compliance with the essential objectives of *N.J.S.A.* 2A:4A–26f and the *Guidelines.* Under these circumstances, the Prosecutor's failure to comply with the procedural requirements of the *Guidelines* should not foreclose the waiver of this case to adult court.

Because the trial court concluded that a prosecutor's decision to waive a complaint charging a Chart 1 offense against a juvenile over the age of sixteen is not subject to judicial review, it did not consider whether the Prosecutor's decision complied with the substantive requirements of the *Guidelines* or whether the decision constituted a patent and gross abuse of discretion. Therefore, the case must be remanded to the trial court to make this determination.

Accordingly, we vacate the order waiving this case to the Law Division and remand the case to the Family Part for further proceedings in conformity with this opinion. The remand shall be completed within thirty days. Jurisdiction is not retained.