**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5123-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN J. EVANS,
a/k/a KEVIN J. LEE, and
a/k/a KEVIN EVANS,

    Defendant-Appellant.

_____

Submitted January 31, 2017 — Decided April 3, 2017

Before Judges Ostrer and Leone.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-07-1249.

Joseph E. Krakora, Public Defender, attorney for appellant (Adam W. Toraya, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Frances Tapia Mateo, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Kevin Evans appeals the April 2, 2015 order denying his petition for post-conviction relief (PCR). We affirm.

The following facts are contained in the transcripts and the April 2, 2015 opinion of the PCR judge, who was also the trial judge.

On January 30, 2009, defendant shot two individuals from behind as they passed him on an empty street in Jersey City. One victim was shot in the leg and survived. The other victim was shot in the back and died.

The grand jury charged defendant with first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) or (2) (Count One); attempted first-degree murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (Count Two); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

On June 18, 2010, pursuant to a plea bargain negotiated by trial counsel, defendant pled guilty to Count One as amended to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4, and to Count Two as amended to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). In exchange for defendant's guilty plea, the State recommended a ten-year sentence on Count One and a seven-year sentence on Count Two, to run concurrently and subject to the No

Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Trial counsel preserved the right to argue for a lower sentence.

The trial judge originally sentenced defendant on September 20, 2010. Trial counsel argued that defendant had previously been shot at and attacked with a knife by the victims, and that he feared for his life. Trial counsel argued defendant should receive a sentence in the second-degree range. Trial counsel asked the judge to find mitigating factor four (substantial grounds tending to excuse or justify defendant's conduct), mitigating factor eight (defendant's conduct was the result of circumstances unlikely to recur), and mitigating factor nine (the character and attitude of defendant indicate he is unlikely to commit another offense), as well as the non-statutory mitigating factor of defendant's age of sixteen at the time of the offense. N.J.S.A. 2C:44-1(b)(4), (8), (9). The judge found mitigating factor three (defendant acted under strong provocation) and aggravating factor three (the risk defendant will commit another offense). N.J.S.A. 2C:44-1(a)(3), (b)(3). Despite finding the aggravating factor substantially outweighed the mitigating factor, the court sentenced defendant one degree lower on Count One for a term of eight years in prison and to a concurrent seven years in prison for Count Two, both subject to NERA.

The State appealed the sentence, claiming the trial court erred in sentencing defendant one degree lower on Count One. On May 2, 2011, we reversed because the court did not consider N.J.S.A. 2C:44-1(f)(2), which governs the downgrading of a sentence for a first-degree crime to a sentence for a second-degree crime. N.J.S.A. 2C:44-1(f)(2) provides:

> In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted.

We remanded for resentencing in accordance with N.J.S.A. 2C:44-1(f)(2). The same judge resentenced defendant on July 7, 2011. Trial counsel argued, and the court found, several mitigating factors. The trial court found mitigating factor three and mitigating factor nine "weigh[ed] in favor of lowering the defendant's crime one degree for sentencing purposes." The court also found mitigating factor seven, "defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense." N.J.S.A. 2C:44-1(b)(7). However, the court did "not give [that] factor much weight," citing defendant's four adjudications as a juvenile, including one for assault. The court

also found aggravating factor nine (the need for deterring defendant and others from violating the law). N.J.S.A. 2C:44-1(b)(9). The judge found "mitigating factors three and nine substantially outweigh aggravating factor nine."

The trial court did not find compelling reasons to justify a downgraded sentence "in the interest of justice." The court emphasized defendant "was armed with a weapon, and although he may have felt his life was in danger, he fired upon individuals from behind and at close range without any indication that shots were fired or about to be fired at him." The court resentenced defendant on Count One to ten years in prison and to a concurrent five years in prison for Count Two, both subject to NERA. Defendant did not appeal.

Defendant filed his PCR petition on March 31, 2014, claiming an excessive sentence and ineffective assistance of counsel. After hearing argument, the PCR judge, who had sentenced defendant, denied his PCR petition in a well-reasoned opinion.

Defendant appeals, raising the following arguments:

> POINT ONE: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION DURING HIS RESENTENCING.
>
> POINT TWO: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION

RELIEF AFTER TRIAL COUNSEL FAILED TO ARGUE FOR MITIGATING FACTORS AT THE TIME OF SENTENCING.

POINT THREE: THE COURT MISAPPLIED ITS DISCRETION IN APPLYING R. 3:22-2, R. 3:22-4 AND R. 3:22-5 AS PROCEDURAL BARS AGAINST THE DEFENDANT'S FILING FOR POST CONVICTION RELIEF IN THIS CASE.

## II.

As the PCR court did not conduct an evidentiary hearing, we "conduct a de novo review." State v. Harris, 181 N.J. 391, 421 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). We must hew to this standard of review.

To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" State v. Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693). The "defendant must overcome a strong presumption that counsel rendered reasonable professional assistance." Ibid. Second, "a defendant must also establish that the ineffectiveness of his attorney prejudiced his defense." Ibid. "The defendant must show

6

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 279—80 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

III.

As noted in the PCR court's opinion, to justify a downgraded sentence, "the sentencing court [must] satisfy a two prong test. The court must be 'clearly convinced that the mitigating factors substantially outweigh the aggravating ones and that the interest of justice demand[s] a downgraded sentence.'"  State v. Megargel, 143 N.J. 484, 496 (1996) (citing N.J.S.A. 2C:44-1(f)(2)).

"[T]he standard governing downgrading is high."  Id. at 500.

> The decision to downgrade a defendant's sentence "in the interest of justice" should be limited to those circumstances in which defendant can provide "compelling" reasons for the downgrade.  These reasons must be in addition to, and separate from, the "mitigating factors which substantially outweigh the aggravating factors," that the trial court finds applicable to a defendant under the first prong of [N.J.S.A. 2C:44-1(f)(2)].
>
> [Id. at 501-02 (citation omitted).]

We start with the first prong.  Defendant argues trial counsel was ineffective for not objecting when the trial court at resentencing did not mention mitigating factor seven when finding "mitigating factors three and nine substantially outweigh

7

aggravating factor nine." However, the court properly did "not give [mitigating factor seven] much weight," because the sixteen-year-old defendant had four juvenile adjudications. See State v. Read, 397 N.J. Super. 598, 613 (App. Div.), certif. denied, 196 N.J. 85 (2008).

Defendant also contends trial counsel was ineffective for not arguing mitigating factor eight. However, the trial court had already found that factor inapplicable at the original sentencing.

Defendant also asserts trial counsel was ineffective for not arguing defendant's voluntary surrender justified mitigating factor twelve, "[t]he willingness of the defendant to cooperate with law enforcement authorities." N.J.S.A. 2C:44-1(b)(12). However, mitigating factor twelve applies only to defendants who are willing to provide assistance to law enforcement, such as by "identif[ying] other perpetrators or assist[ing] in solving other crimes." Read, supra, 397 N.J. Super. at 613; see State v. Dalziel, 182 N.J. 494, 498, 505-06 (2005) (testimony against a co-defendant). There is no reason to believe defendant's voluntary surrender was sufficient to find mitigating factor twelve. See Read, supra, 397 N.J. Super. at 613 (questioning whether even "a confession qualifies as 'cooperation' within the intent of" N.J.S.A. 2C:44-1(b)(12)). Moreover, the trial court took

defendant's voluntary surrender into account in finding mitigating factor nine.

In any case, defendant cannot show prejudice. Additional mitigating factors could not have changed the outcome of the first prong. The trial court already found mitigating factors three and nine substantially outweighed the lone aggravating factor. That result would have been the same even if the court found mitigating factors eight and twelve and explicitly included them and mitigating factor seven in its calculus. As the PCR court found, "the additional consideration of mitigating factors 7, 8, and 12 would do nothing to change the analysis, because the Court already determined that the circumstances of the offense satisfied the first prong of the downgraded sentence test." Thus, "the failure to consider additional mitigating factors is inconsequential."

Moreover, additional mitigating factors could not affect the outcome of the second prong. "The reasons supporting the interest of justice prong must be 'in addition to, and separate from' the mitigating factors which substantially outweigh the aggravating factors and thus satisfy the first prong." State v. Lake, 408 N.J. Super. 313, 325-26 (App. Div. 2009) (quoting Megargel, supra, 143 N.J. at 502). A defendant cannot satisfy the second prong by "a restatement of the reasons underlying the various mitigating factors" as that would be "contrary to Megargel's directive that

the basis for the second prong must be separate and distinct from the mitigating factors."  Id. at 329 (finding the trial court erred in considering facts "appropriate for consideration as mitigating factors, and therefore applicable to the first prong, [because] they have no application to the second prong"); see Megargel, supra, 143 N.J. at 503 (reversing the sentencing court because it "failed to identify any reasons, compelling or otherwise, in addition to and separate from, the mitigating factors, which would explain why the interest of justice demanded a downgraded sentence").

Rather, "because the focus remains on the offense and not the offender, the surrounding circumstances used as compelling reasons for a downgrade should arise from within the context of the offense itself."  Lake, supra, 408 N.J. Super. at 326 (citing Megargel, supra, 143 N.J. at 500).  "[T]he severity of the crime remains the single most important factor in considering whether the interest of justice demands a downgrade."  Ibid.  "If the surrounding circumstances of an offense make it very similar to a lower degree offense, a downgraded sentence may be appropriate."  Ibid. (citing Megargel, supra, 143 N.J. at 500).  Here, the trial court found the nature of the crime was not akin to second-degree reckless manslaughter because defendant was armed and shot the victims from behind at close range without provocation.

Nonetheless, defendant argues trial counsel could have argued mitigating factor seven — his lack of an adult record — in the second prong because the trial judge found mitigating factors three and nine were sufficient to substantially outweigh the aggravating factor and did not mention mitigating factor seven in the first-prong balancing. However, defendant's argument that "excess" mitigating factors can be used in the second prong would add a third step to what the Supreme Court has ruled is a "two-step test." Megargel, supra, 143 N.J. at 495-96. After finding the aggravating and mitigating factors, the sentencing court would have to find (1) "the mitigating factors substantially outweigh the aggravating factors," then (2) determine whether any of the mitigating factors were unneeded to substantially outweigh the aggravating factors, and only then decide if, considering those "excess" mitigating factors, (3) "the interest of justice must demand the downgrade." Id. at 495.

In any event, no case has adopted defendant's proposed change in the law. Trial counsel could not be "ineffective for not anticipating a change in law — a change which [the Supreme] Court has not indicated that it will adopt. . . . [T]here cannot be a cognizable ineffective assistance claim when there is not yet a recognizable legal basis for the motion that defendant says should have been made." Harris, supra, 181 N.J. at 436. "In analyzing

11

trial counsel's performance, we examine the law as it stood at the time of counsel's actions, not as it subsequently develop[s]." State v. Goodwin, 173 N.J. 583, 597 (2002).

Finally, defendant argues trial counsel was ineffective for not reiterating at resentencing that the victims had shot at defendant in the past, that defendant had been attacked with a knife, and that he feared for his life due to threats. However, trial counsel made those arguments successfully to the trial judge at the original sentencing, those facts were in the presentence report, and the same judge at resentencing expressly considered the presentence report and the arguments of the defense. Moreover, the judge reiterated at resentencing that defendant had been shot at and threatened and "was afraid that the victim was going to shoot him."

Finally, additional mitigating factors could not otherwise affect defendant's sentence. At resentencing, he got the minimum legal sentence absent a downgrade.

Accordingly, the PCR court properly found defendant failed to "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits," and thus did not establish "a prima facie case" meriting an evidentiary hearing. See State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).

The PCR court noted Rule 3:22-2(c) limits the ability to raise excessive sentencing claims on PCR and ruled defendant was "attempt[ing] to raise an otherwise inappropriate issue for post-conviction relief by appending it to an ineffective assistance of counsel claim." The PCR court also noted defendant could have raised the excessive sentencing claim on appeal. See R. 3:22-4. We need not consider those procedural bars. However, we caution defendants not to cloak displeasure with a sentence as an ineffective assistance of counsel claim. If a defendant believes his sentencing is excessive, direct appeal is the appropriate avenue for relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5123-14T4