NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3605-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CHRISTOPHER M. JACKSON,

 Defendant-Appellant.
—————————————————————————————

 Submitted May 25, 2017 – Decided July 6, 2017

 Before Judges Hoffman and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment No.
 08-04-0523.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Rasheedah Terry, Designated
 Counsel, on the brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Susan Berkow, Special
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Christopher Jackson appeals from a May 23, 2014 Law

Division order denying his petition for post-conviction relief

(PCR) without an evidentiary hearing. He also appeals from a
February 5, 2016 order denying reconsideration. Having reviewed

defendant's arguments and the applicable law, we affirm.

 On April 3, 2008, a Middlesex County grand jury returned

Indictment No. 08-04-0523, charging defendant with first-degree

murder, N.J.S.A. 2C:11-3(a)(1) (count one); third-degree criminal

restraint, N.J.S.A. 2C:13-2(a)1 (count two); and third-degree

hindering apprehension, N.J.S.A. 2C:29-3(b) (count three). On

September 12, 2008, pursuant to a negotiated plea agreement,

defendant pled guilty to first-degree aggravated manslaughter,

N.J.S.A. 2C:11-4(a), an amended charge of count one. In return,

the State agreed to dismiss the remaining counts and recommend a

sentence of up to twenty-five years of imprisonment, subject to

the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

 At his plea hearing, defendant admitted that in the early

hours of November 23, 2007, he had an altercation with the victim

at the victim's apartment in Perth Amboy after drinking alcohol

and using cocaine for several hours. Defendant had been staying

with the victim at the apartment. Defendant acknowledged the

victim made physical advances towards him, but defendant was able

to "keep him away" after a brief physical confrontation.

1
 Both the indictment and defendant's judgment of conviction
list the criminal restraint charge as a fourth-degree offense.
However, the statutory citation, N.J.S.A. 2C:13-2, is a crime of
the third degree.
 2 A-3605-15T1
 When they physically separated, defendant acknowledged the

victim "taunt[ed]" him by claiming he told other people and would

tell his family they were in a homosexual relationship. Defendant

then became angry and beat the victim, repeatedly delivering strong

blows to his head and face. Defendant eventually rendered the

victim incapable of fighting back, at which point defendant decided

to take his belongings and leave the apartment. Prior to leaving,

defendant bound the victim's hands and feet with an electrical

cord to immobilize him and inserted a cloth into the victim's

mouth. Defendant admitted that before he left, he heard the victim

gasping for air and struggling. Defendant left the apartment

after the victim ceased making noises and was no longer moving or

breathing. He did not call for medical aid.

 Defendant then affirmed his plea was voluntary, and he had

adequate time to consult with his attorney before making his

decision. He further acknowledged he understood the consequences

of his plea.

 Defendant obtained new counsel following his guilty plea, and

on May 28, 2009, filed a motion to withdraw his plea. On July 9,

2009, after a hearing, the judge denied this motion.

 The judge sentenced defendant on October 14, 2009. Defendant

requested the judge find mitigating factors N.J.S.A. 2C:44-1(b)(2)

(defendant did not contemplate his conduct would cause serious

 3 A-3605-15T1
harm), (3) (defendant acted under a strong provocation), (4)

(substantial grounds tending to excuse defendant's conduct), and

(8) (defendant's conduct was the result of circumstances unlikely

to recur). The judge found the record supported aggravating

factors N.J.S.A. 2C:44-1(a)(1) (nature and circumstances of the

offense), (3) (risk of reoffending), (6) (defendant's prior

criminal record), and (9) need for deterrence. He found mitigating

factors N.J.S.A. 2C:44-1(b)(3) and (8). After concluding the

aggravating factors outweighed the mitigating ones, the judge

sentenced defendant to twenty-three years of imprisonment, subject

to NERA.

 Defendant appealed, and the matter was scheduled on the

Excessive Sentence Oral Argument (ESOA) calendar. See R. 2:9-11.

Defendant only challenged his sentence on appeal and did not

dispute his underlying conviction. On March 9, 2011, following

oral argument, we affirmed defendant's sentence.

 Two years later, on May 3, 2013, defendant filed a petition

for PCR, arguing his plea and sentencing counsel both rendered

ineffective assistance. On May 23, 2014, following oral argument,

the PCR judge denied defendant's petition without an evidentiary

hearing. Defendant moved for reconsideration, which the PCR judge

denied on February 5, 2016.

 4 A-3605-15T1
 Defendant then filed this appeal and advances the following

arguments:

 POINT I

 THE PCR COURT'S ORDER THAT DENIED DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF MUST BE
 REVERSED BECAUSE DEFENDANT RECEIVED
 INEFFECTIVE ASSISTANCE OF COUNSEL IN THE
 PROCEEDINGS BELOW

 A. Trial counsel failed To Investigate
 And Present Viable Defense.

 1. Mens Rea Defenses.

 a) Extreme Intoxication.

 b) Diminished capacity.

 c) Insanity defense.

 2. Self Defense.

 B. Defense Counsel Failed to Perform
 Proper Investigation.

 C. Defendant Did Not Enter Into A
 Voluntary Plea Because Counsel
 Coerced Him Into Entering Into Said
 Plea.

 D. Sentencing Counsel Failed to Argue
 for Mitigating Factors Amply
 Supported by the [R]ecord.

 POINT II

 THE PCR COURT ABUSED ITS DISCRETION WHEN IT
 DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY
 HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA
 FACIE CASE FOR INEFFECTIVE ASSISTANCE OF
 COUNSEL.

 5 A-3605-15T1
 The United States Supreme Court established the test for

determining whether counsel was ineffective in Strickland v.

Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),

which our Supreme Court adopted in State v. Fritz, 105 N.J. 42

(1987). In order to meet this two-prong test, the defendant must

establish both that: (1) counsel's performance was deficient and

he or she made errors that were so egregious that counsel was not

functioning effectively as guaranteed by the Sixth Amendment to

the United States Constitution; and (2) the defect in performance

prejudiced defendant's rights to a fair trial such that there

exists a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Strickland, supra, 466 U.S. at 687, 694, l04 S.

Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

 Similarly, when a defendant claims ineffective assistance in

connection with a guilty plea, he or she must show "(i) counsel's

assistance was not 'within the range of competence demanded of

attorneys in criminal cases'; and (ii) 'that there is a reasonable

probability that, but for counsel's errors, [the defendant] would

not have pled guilty and would have insisted on going to trial.'"

State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in

original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

 6 A-3605-15T1
 When a defendant raises a claim for ineffective assistance

of counsel in support of PCR, the judge should grant an evidentiary

hearing "if [the] defendant has presented a prima facie claim in

support of post-conviction relief." State v. Preciose, 129 N.J.

451, 462 (1992). To establish a prima facie claim, the defendant

"must demonstrate the reasonable likelihood of succeeding under"

the Strickland test. Id. at 463. The judge "should view the

facts in the light most favorable to the defendant." State v.

Jones, 219 N.J. 298, 311 (2014). However, the "defendant must

allege specific facts and evidence supporting his allegations,"

State v. Porter, 216 N.J. 343, 355 (2013), and "must do more than

make bald assertions that he was denied the effective assistance

of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App.

Div.), certif. denied, 162 N.J. 199 (1999). We review the decision

of the PCR judge to forgo an evidentiary hearing de novo. State

v. Harris, 181 N.J. 391, 421 (2004), cert. denied, 545 U.S. 1145,

125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005).

 Applying these standards, we first reject defendant's

arguments his plea counsel was ineffective for failing to

investigate and present the "mens rea" defenses of intoxication,

diminished capacity, and insanity. Defendant asserts counsel

should have used these defenses to rebut the "purposely" or

"knowingly" mental-state requirements of first-degree murder,

 7 A-3605-15T1
criminal restraint, and hindering apprehension. See N.J.S.A.

2C:11-3(a)(1) and (2); N.J.S.A. 2C:13-2(a); N.J.S.A. 2C:29-3(b).

 Regarding intoxication, defendant cites his plea admissions

and a toxicology report showing cocaine and alcohol in his system

to argue counsel should have pursued this defense. Voluntary

intoxication that negates purpose or knowledge can provide a

defense to crimes that require proof of these mental states,

including first-degree murder. See State v. Warren, 104 N.J. 571,

576 (1986); N.J.S.A. 2C:2-8(a). However, voluntary intoxication

is not a defense to aggravated manslaughter, which requires the

State prove "[t]he actor recklessly causes death under

circumstances manifesting extreme indifference to human life."

N.J.S.A. 2C:11-4(a)(1); State v. Junita, 224 N.J. Super. 711, 722

(App. Div.), certif. denied, 113 N.J. 339 (1988); N.J.S.A. 2C:2-

8(b). Based on the record before us, there is no question

defendant's actions met the requirements for an aggravated

manslaughter conviction. Therefore, because defendant pled guilty

to aggravated manslaughter, he has failed to satisfy the second

prong of Strickland by showing "the result of the proceeding would

have been different." Strickland, supra, 466 U.S. at 694, l04 S.

Ct. at 2068, 80 L. Ed. 2d at 698.

 Defendant next argues counsel was ineffective for failing to

consult an expert to explore the viability of the defenses of

 8 A-3605-15T1
diminished capacity and insanity. Defendant points to several

facts in support of these arguments, including his drug and alcohol

use, his fear of his father's alleged homophobic beliefs, and his

presentence report, which states he was "reportedly diagnosed with

Paranoid Schizophrenia and Post Traumatic Stress Disorder."

However, defendant has failed to identify any evidence suggesting

he was suffering from such impairments during the incident in

question. Instead, defendant's presentence report shows he

knowingly confessed his actions to police and gave a videotaped

statement admitting he did so because the victim "tried to play

me out in a sexual manner." Defendant later affirmed these events

under oath at his plea hearing. We therefore find defendant's

claims amount to "bald assertions" of ineffective assistance that

do not entitle him to an evidentiary hearing. Cummings, supra,

321 N.J. Super. at 170.

 Defendant also argues plea counsel was ineffective for

failing to purse a claim for self-defense. This argument lacks

merit. In order to justify the use of deadly force, the actor

must "reasonably believe[] that such force is necessary to protect

himself against death or serious bodily harm." N.J.S.A. 2C:3-

4(b)(2). "[A] defendant claiming self-defense must have an actual

belief in the necessity of using force, and must also establish

 9 A-3605-15T1
that the belief was honest and reasonable." State v. Urbina, 221

N.J. 509, 525 (2015).

 Defendant contends the victim's advances established a

reasonable belief that force was necessary to protect himself from

sexual assault. The record shows defendant first used force to

"keep [the victim] away"; he then used deadly force not to protect

himself, but in response to the victim's taunting after they had

physically separated. Because there was no basis to support a

reasonable belief that deadly force was necessary, defendant's

counsel was not deficient for failing to raise this claim.

Strickland, supra, 466 U.S. at 687, l04 S. Ct. at 2064, 80 L. Ed.

2d at 693.

 Defendant further asserts these alleged errors show plea

counsel "failed to properly investigate the facts and the law."

For the reasons discussed, we reject defendant's arguments as mere

"bald assertions that he was denied the effective assistance of

counsel." Cummings, supra, 321 N.J. Super. at 170.

 Defendant next argues his plea was involuntary because plea

counsel "pressured him into pleading guilty." Specifically,

defendant alleges counsel told him he would receive a higher

sentence if he did not accept the State's plea offer. We reject

defendant's claim, as he affirmed under oath that his plea was

voluntary and he understood its consequences. We further find

 10 A-3605-15T1
plea counsel's assessment was correct; as the PCR judge noted, the

evidence supporting a conviction for first-degree murder was

"overwhelming." The minimum sentence for first-degree murder is

thirty years of imprisonment. N.J.S.A. 2C:11-3(b)(1). Therefore,

counsel's alleged statements were entirely appropriate and did not

meet the standard for ineffective assistance.

 Last, defendant contends his sentencing counsel was

ineffective for failing to argue mitigating factors N.J.S.A.

2C:44-1(b)(11) (imprisonment would cause excessive hardship to

dependents), and (12) (willingness of defendant to cooperate with

law enforcement). Defendant argues these factors were applicable

because he has three minor children, and he cooperated with law

enforcement by confessing to police that he "did it."

 However, sentencing judges are only obligated to find

mitigating factors that "clearly were supported by the record,"

which was not the case here. See State v. Bieniek, 200 N.J. 601,

608 (2010). According to defendant's presentence report, he does

not live with his children and admitted he failed to make child

support payments.2 These facts do not clearly indicate excessive

hardship to dependents. See State v. Dalziel, 182 N.J. 494, 505

(2005). Moreover, we have questioned whether confessions

2
 As defendant notes, his presentence report does not explicitly
indicate arrearage in his child support payments.
 11 A-3605-15T1
constitute "cooperation" under mitigating factor N.J.S.A. 2C:44-

1(b)(12). See State v. Read, 397 N.J. Super. 598, 613 (App. Div.),

certif. denied, 196 N.J. 85 (2008). Counsel was not deficient for

failing to raise these factors.

 Moreover, defendant cannot show prejudice. Aggravated

manslaughter carries a maximum sentence of thirty years'

imprisonment. N.J.S.A. 2C:11-4(c). Given the nature of

defendant's offense, we find the imposed twenty-three year

sentence was entirely appropriate, and defendant has failed to

show how the outcome would have been different had his counsel

raised these mitigating factors. Strickland, supra, 466 U.S. at

694, l04 S. Ct. at 2068, 80 L. Ed. 2d at 698.

 Affirmed.

 12 A-3605-15T1