**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4154-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCQUESE W. PAISLEY,

    Defendant-Appellant.

_____

Submitted June 8, 2017 — Decided July 26, 2017

Before Judges Lihotz and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-06-0720.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the briefs).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Jason M. Boudwin, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Marcquese Paisley appeals from his judgment of conviction, based on his guilty plea to second-degree kidnapping, N.J.S.A. 2C:13-1(b), and third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d). Defendant's appeal focuses on the denial of his motion to withdraw his guilty plea; he asserts the plea record failed to establish a factual basis supporting his kidnapping conviction. Defendant also challenges the length of his sentence. Having reviewed these arguments in light of the record and the applicable law, we affirm.

I.

Defendant's convictions arose from a home break-in he committed in Edison on the night of November 30, 2014; at approximately 11:00 p.m., defendant forced his way into the home of victims T.S. and H.S., her mother. Brandishing a large knife, defendant ordered T.S. and H.S onto the living room couch, where a third victim, J.C., was already sitting, and demanded all of their cell phones.

Defendant then ordered the three victims into the bathroom, which he also entered, shutting and locking the door behind him. He ordered T.S. and H.S. into the bathtub and J.C. to sit on the toilet. Defendant then threatened to cut J.C.'s throat and threatened to stab T.S. in the liver. He next ordered J.C. into the bathtub and continued to threaten J.C. and T.S. After bringing

the victims out of the bathroom to different rooms and threatening them, defendant fled the residence.

The three victims gave statements to police identifying defendant as the perpetrator. Police subsequently responded to defendant's workplace and requested he come to the station for an interview. During the interview, defendant confessed to committing the crime and said he had been drinking prior to the act. Police then arrested defendant.

On June 11, 2015, a Middlesex County grand jury returned an indictment, charging defendant with the following offenses: second-degree burglary, N.J.S.A. 2C:18-2 (count one); first-degree kidnapping, N.J.S.A. 2C:13-1(b) (count two); second-degree attempted theft by extortion, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:20-5 (count three); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count four); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count five); third-degree terroristic threats, N.J.S.A. 2C:12-3(a) (counts six, seven, and eight); third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count nine); third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d) (count ten); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count eleven).

Pursuant to a plea agreement, on August 24, 2015, defendant pled guilty to count two, amended to second-degree kidnapping, and

count ten. The State agreed to recommend a ten-year term of imprisonment on count two, subject to the period of parole ineligibility imposed by the No Early Release Act, N.J.S.A. 2C:43-7.2, and a concurrent five-year sentence on count ten, with the sentences to run concurrent to pending violation of probation charges against defendant.

At the plea hearing, the following colloquy occurred with defendant to establish the factual basis for second-degree kidnapping:

> Q. So, Marcquese, it's real simple, Marcquese Paisley, it says in Count 2 that on November 30th, 2014, this happened in Edison, New Jersey. Is that true so far?
>
> A. Correct.
>
> Q. Now, did there come a point in time where you entered the residence of either [H.S.] and/or [T.S.] and/or [J.C.]?
>
> A. Yes.
>
> Q. Now, . . . what happened? You tell me in your own words. Let me do it this way. You tell me what did you do wrong? Is it an apartment house or is it a . . . house?
>
> A. An apartment.
>
> Q. In an apartment. And what did you do wrong, Marcquese Paisley[,] in that apartment?
>
> A. I went into their house and pushed the three of them into the bathroom with a knife.
>
> Q. With a knife. And why did you do that?

A. Because I was intoxicated and because [H.S.] stole money from a friend of mine.

Q. Okay. So it wasn't even your beef?

A. No.

Q. But you wanted to get your friend's money back, so . . . you thought it would be prudent to go into that residence with a knife to get that money back, yes?

A. Yes, Your Honor.

Q. But then . . . in order to help accomplish your ends, you confined these people. So kidnapping is taking a person from one location to another and you stop their liberty. You — by confining them, . . . you prohibited them from . . . gaining any kind of freedom. So you —

. . . .

Q. So, now the knife that you had, it wasn't for a lawful purpose, it was for the purpose — and I'm going over the other count at the same time, Count 10 — the purpose that you had that knife was for an illegal purpose, wasn't it?

A. Yes, Your Honor.

Q. Because you were displaying that knife in such a fashion that it assisted you in committing the underlying crime of kidnapping by forcing them . . . into that bathroom, right?

A. Yes.

Q. So that knife, you did unlawfully possess that weapon with the purpose to use it unlawfully against the persons of [H.S.], [T.S.,] and/or [J.C.]; is that right?

5

A.    Yes, Your Honor.

The prosecutor also elicited the following admissions from defendant on cross-examination:

> Q.    Sir, when you brought them into that bathroom, you held them there for a while, didn't you?
>
> A.    Approximately 20 minutes.
>
> Q.    For about 20 minutes.  And during that time you had a knife and you made threatening comments so as to terrorize and scare them, you made comments along the lines of cutting out, I believe it was, [T.S.]'s liver.  And you said that in front of [H.S.] to scare her so that she would pay the money that was owed, you said you would do things of that nature, correct?
>
> A.    Yes.
>
> Q.    And the purpose in doing that was to terrorize them while they were in there, correct?
>
> A.    Right.
>
>       . . . .
>
> Q.    And, sir, with regard to the knife, again, you possessed that knife . . . for the unlawful purpose of again terrorizing these three individuals when you threatened them to go into the bathroom, used it to get them into the bathroom, and then went inside the bathroom and made threatening comments regarding that knife and how you would use it?
>
> A.    Right.
>
> Q.    And you understand that's an unlawful purpose to use the knife, correct?

A.   Correct.

Prior to sentencing, defendant filed a motion to withdraw his guilty plea, arguing the factual basis was insufficient to support his conviction for second-degree kidnapping, as defined in N.J.S.A. 2C:13-1(b).  On April 18, 2016, following oral argument, the judge denied defendant's motion and proceeded to sentencing. After finding aggravating factors N.J.S.A. 2C:44-1(a)(3) and (9), and no mitigating factors, the judge sentenced defendant to nine years of imprisonment on count two, concurrent to five years of imprisonment on count ten.

This appeal followed.  Defendant now presents the following points of argument:[1]

> POINT I
>
> THERE IS NO FACTUAL BASIS TO SUPPORT DEFENDANT'S PLEA TO SECOND-DEGREE KIDNAPPING.
>
> POINT II
>
> THE JUDGE'S SENTENCING UTTERLY FAILED TO COMPLY WITH THE REQUIREMENTS OF STATE V. CASE, 220 N.J. 49 (2013), RESULTING IN A M[A]NIFESTLY EXCESSIVE SENTENCE THAT MUST BE REVERSED.

---

[1]   Defendant filed a reply brief, challenging some of the State's factual allegations.  He also filed a pro se supplemental brief, essentially reiterating Point I of his counsel's initial brief.

We first address defendant's guilty plea. Before accepting a defendant's guilty plea, the court must determine "by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea." R. 3:9-2. "[O]ur law requires that each element of the offense be addressed in the plea colloquy." State v. Campfield, 213 N.J. 218, 231 (2013). The judge "must be 'satisfied from the lips of the defendant that he committed the acts which constitute the crime.'" State ex rel. T.M., 166 N.J. 319, 327 (2001) (quoting State v. Barboza, 115 N.J. 415, 422 (1989)); see also State v. Tate, 220 N.J. 393, 405-06 (2015). "The trial court's task is to ensure that the defendant has articulated a factual basis for each element of the offense to which he pleads guilty." Campfield, supra, 213 N.J. at 232. "[I]t is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail, when a defendant is pleading guilty to that offense." Id. at 236; see also State v. Perez, 220 N.J. 423, 432-33 (2015).

A guilty plea that is not supported by a sufficient factual basis will be set aside on appeal:

> The remedy for an inadequate factual basis is an order vacating the guilty plea and restoring both parties to their positions prior to the trial court's acceptance of the

> plea. If an appellate court determines that "a plea has been accepted without an adequate factual basis, the plea, the judgment of conviction, and the sentence must be vacated, the dismissed charges reinstated, and defendant allowed to re-plead or to proceed to trial."
>
> [Campfield, supra, 213 N.J. at 232 (quoting Barboza, supra, 115 N.J. at 420).]

"The standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." Tate, supra, 220 N.J. at 403-04.

Pursuant to N.J.S.A. 2C:13-1(b)(2), an individual is guilty of kidnapping if, with the purpose to terrorize the victim, he "unlawfully removes another from his place of residence or business, or a substantial distance from the vicinity where he is found, or if he unlawfully confines another for a substantial period." Defendant argues the factual record created at the plea hearing was insufficient to establish he moved the victims a "substantial distance," nor was it sufficient to establish that he confined the victims for a "substantial period." Ibid.

We reject defendant's contention. To sustain a kidnapping conviction, the State must prove either "substantial distance" or "substantial confinement." See State v. Jackson, 211 N.J. 394, 414 (2012). Regarding "substantial distance," our Supreme Court has held that this element does not simply turn on a "linear measurement" of distance:

9

> We considered the "substantial distance" element of N.J.S.A. 2C:13-1(b) in [State v. Masino, 94 N.J. 436, 445 (1983)]. There, the defendant, whose sexual advances to the victim had been rebuffed, dragged the victim from her car to a pond where he sexually assaulted and beat her. Id. at 438. We noted that the "substantial distance" requirement was intended to preclude abusive prosecution, in the form of "'kidnapping convictions based on trivial changes of location having no bearing on the evil at hand.'" Id. at 445 (quoting Model Penal Code § 212.1 Comment (Tent. Draft No. 11, 1960), at 16). We construed the requirement of N.J.S.A. 2C:13-1(b) to be distinct from a "linear measurement" of the distance traveled by the victim during his or her confinement. Ibid. Instead, we defined a "substantial distance" as one that "isolates the victim and exposes him or her to an increased risk of harm." Ibid. In Masino, although the "linear" distance between the location where the defendant had abducted the victim and the location where she was found was not long, we held that the evidence supported a jury finding that the defendant moved the victim a "substantial distance." Id. at 447. The Masino defendant isolated the victim and by removing her clothes, "imped[ed] her ability to follow him from the area and call attention to her plight." Ibid.
>
> [Jackson, supra, 211 N.J. at 415.]

In State v. Purnell, 394 N.J. Super. 28, 53 (App. Div. 2007), we held the "substantial distance" requirement was satisfied where the defendant removed the victim up an additional flight of stairs to sexually assault her, thereby exposing the victim to an increased risk of harm. Similarly, in State v. Matarama, 306 N.J. Super. 6, 22 (App. Div. 1997), certif. denied, 153 N.J. 50 (1998),

10

we upheld the defendant's conviction for kidnapping where he dragged the victim twenty-three feet into an alley, making it more difficult for other pedestrians to observe the assault. Analyzing these cases and others, our Supreme Court concluded, "[T]he 'substantial distance' element requires analysis of the additional risk imposed on the victim, over and above the risk imposed by a separate crime, and the isolation experienced by the victim because of the defendant's actions." Jackson, supra, 211 N.J. at 416.

Applying these standards, we find the factual record from defendant's plea colloquy established that he isolated the victims and exposed them to additional risk of harm, thereby satisfying the "substantial distance" requirement of N.J.S.A. 2C:13-1(b). Defendant acknowledged he entered the residence and "pushed the three of them into the bathroom with a knife." He further admitted he entered the bathroom and threatened to use his knife on the victims. The clear implication from these facts is that defendant isolated his victims in a smaller enclosed room where they could not seek help or escape, thus increasing their risk of harm.

Alternatively, we find the factual record established defendant confined the victims for a "substantial period." N.J.S.A. 2C:13-1(b). Addressing this element, our Supreme Court held that

> one is confined for a substantial period if that confinement "is criminally significant in

> the sense of being more than merely incidental to the underlying crime," and that determination is made with reference not only to the duration of the confinement, but also to the "enhanced risk of harm resulting from the [confinement] and isolation of the victim [or others]. That enhanced risk must not be trivial."
>
> [Jackson, supra, 211 N.J. at 416 (alterations in original) (quoting State v. La France, 117 N.J. 583, 594 (1990)).]

Here, defendant's actions were more than incidental to any underlying offense; rather, kidnapping was the underlying offense. As discussed, forcing the victims into the bathroom for a period of twenty minutes enhanced their risk of harm. Therefore, because we conclude defendant's plea colloquy established a factual basis that he committed both elements of N.J.S.A. 2C:13-1(b), we discern no basis to disturb the trial judge's decision, denying defendant's motion to withdraw his guilty plea.

We next address defendant's challenges to his sentence. Appellate courts are bound to review sentencing decisions for an abuse of discretion. State v. Blackmon, 202 N.J. 283, 297 (2010). We will affirm if the sentencing judge has identified and balanced the aggravating and mitigating factors that are supported by sufficient credible evidence in the record, State v. Cassady, 198 N.J. 165, 180-81 (2009), but we should remand if the judge fails to find mitigating factors "that clearly were supported by the record." State v. Bieniek, 200 N.J. 601, 608 (2010). Moreover,

12

we will modify a sentence if it "shocks the judicial conscience." State v. Roth, 95 N.J. 334, 364 (1984).

Defendant contends the record did not support finding aggravating factors N.J.S.A. 2C:44-1(a)(3) (risk of reoffending), and (9) (need for deterrence). We disagree. The record shows defendant has two prior criminal convictions, including one conviction for theft of movable property, N.J.S.A. 2C:20-3(a). He also violated probation, and while on "zero tolerance" probation, committed the offenses at issue here. Defendant's criminal history thus supports finding aggravating factors three and nine.

Defendant further argues the record supports finding mitigating factors N.J.S.A. 2C:44-1(b)(4) (substantial grounds excused or justified defendant's conduct), (8) (defendant's conduct resulted from circumstances unlikely to reoccur), (9) (character of defendant indicates he is unlikely to commit another offense), and (10) (defendant is likely to respond to probationary treatment). Defendant argues these mitigating factors apply because he was intoxicated during the kidnapping, has psychological problems, had an "abhorrent" upbringing, and expressed remorse for his actions. Defendant also cites the statements from his family and psychologist and the letters submitted on his behalf, asserting his offense was out-of-character. Last, he argues the judge should have found mitigating

13

factor N.J.S.A. 2C:44-1(b)(12) (cooperation with law enforcement), because he cooperated with police throughout the proceedings.

Trial courts are not required to consider intoxication as a mitigating factor. See State v. Setzer, 268 N.J. Super. 553, 567 (App. Div. 1993), certif. denied, 135 N.J. 468 (1994). Furthermore, although mental issues and a troubled family background might support finding mitigating factors, defendant has not shown a connection between these issues and the subject offenses. See State v. Briggs, 349 N.J. Super. 496, 504 (App. Div. 2002). His probation violations and criminal record also weigh against finding the requested mitigating factors. Finally, we have suggested that mitigating factor twelve only applies to defendants who assist law enforcement by "identif[ing] other perpetrators or assist[ing] in solving other crimes." State v. Read, 397 N.J. Super. 598, 613 (App. Div.), certif. denied, 196 N.J. 85 (2008).

Therefore, because these mitigating factors were not "amply based in the record," State v. Case, 220 N.J. 49, 64 (2014) (quoting State v. Dalziel, 182 N.J. 494, 504 (2005)), the judge did not abuse his discretion by imposing the nine-year sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4154-15T2