# **RECORD IMPOUNDED**

## *NOT FOR PUBLICATION WITHOUT THE*
## *APPROVAL OF THE APPELLATE DIVISION*

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0115-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RIGOBERTO RAMIREZ, a/k/a
RIGOBERTO RANIREZ,

     Defendant-Appellant.

_____

> Submitted October 22, 2019 – Decided November 6, 2019
>
> Before Judges Currier and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-06-0946.
>
> Joseph A. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).
>
> Mark Musella, Bergen County Prosecutor, attorney for respondent (Nicole Paton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rigoberto Ramirez, a/k/a Ranirez Rigoberto, appeals from the June 20, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

We derive the following facts from the record. Sometime between June 1, 2012, and August 28, 2012, defendant performed an act of sexual penetration with a boy under the age of thirteen by putting his penis in the child's mouth for defendant's sexual gratification. On August 28, 2012, defendant touched the penis of a boy under the age of thirteen with the purpose to humiliate and degrade the boy.

A Bergen County Grand Jury charged defendant in Superseding Indictment No. 13-06-0946-I with three counts of second-degree sexual assault, contrary to N.J.S.A. 2C:14-2(b) (counts one, two, and six); three counts of first-degree aggravated sexual assault, contrary to N.J.S.A. 2C:14-2(a)(1) (counts three, four, and five); third-degree endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4(a) (count seven); fourth-degree endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4(a) (count eight); and fourth-degree possession of child pornography, contrary to N.J.S.A. 2C:24-4(b)(5)(b) (count nine).

A-0115-18T4

On January 27, 2014, defendant pled guilty to second-degree sexual assault (count one), and first-degree aggravated sexual assault (count three). Defendant was advised by the plea judge that he was required to undergo a psychological evaluation. An Avenel evaluation dated June 4, 2014, determined that defendant was a repetitive, compulsive sex offender.

In accordance with the plea agreement, on July 11, 2014, defendant was sentenced to eight years of imprisonment at the Adult Diagnostic and Treatment Center (ADTC), subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a three-year period of parole ineligibility. Defendant was also subject to Megan's Law, N.J.S.A. 2C:7-1, a Nicole's Law restraining order, N.J.S.A. 2C:44-8, Parole Supervision for Life (PSL), N.J.S.A. 2C:43-6.4, DNA testing, fines, penalties, and restitution. Defendant did not file a direct appeal of his conviction or sentence.

On August 30, 2017, defendant filed a pro se petition for PCR, arguing his plea attorney and sentencing attorney both rendered ineffective assistance: (1) by failing to argue that PSL is illegal because it violates the separation of powers doctrine; (2) defense counsel did not warn defendant that Megan's Law registration requirement starts anew upon the commission of any other crime, and not just a sexual-related offense; (3) both counsel failed to advise defendant

of his right to a plenary hearing to challenge the Avenel report; (4) both counsel failed to disclose all of the conditions of mandatory PSL; and (5) his petition for PCR was not barred under Rule 3:22-4.

The PCR court assigned counsel, who filed a supporting brief. PCR counsel supplemented defendant's petition by arguing: (1) he was denied effective assistance because at sentencing, his counsel failed to argue aggravating and mitigating factors; (2) defendant was denied due process under the Fifth and Fourteenth Amendments of the United States Constitution; and (3) defendant was entitled to an evidentiary hearing.

Despite what was placed on the record, defendant argued he was not advised he could challenge the ADTC findings, confront witnesses, or present rebuttal evidence. Oral argument was conducted by the PCR judge on May 24, 2018, and an order denying PCR was entered on June 20, 2018.

The PCR court rejected defendant's arguments and found that prior to establishing the factual basis of the plea, defendant was informed he had to undergo a psychological evaluation "to determine whether his conduct was characterized by a pattern of repetitive and compulsive behavior." Defendant was told by the plea judge that he could challenge the findings made by the Department of Corrections (DOC) if he was found to be a "repetitive and

A-0115-18T4

compulsive" offender, as indicated on the supplemental plea form.  Question four stated: "Do you understand you will be able to challenge the findings of the DOC in a hearing and at that hearing you will have the right to confront the witnesses against you and to cross-examine them and then present evidence on your own behalf?"  Defendant circled "Yes" next to the question on the form.

In his decision, the PCR court found the plea judge advised defendant that if he was found to be repetitive and compulsive, he would be sentenced to the ADTC, he would have to register with certain agencies, and he would be subject to PSL.  The PCR court found no basis to order an evidentiary hearing.

This appeal ensued, with defendant presenting the following argument:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE SUBSTANCE OF THE LEGAL ADVICE PLEA AND SENTENCE COUNSEL PROVIDED TO HIM REGARDING HIS ABILITY TO CHALLENGE THE FINDINGS AND CONCLUSIONS OF THE ADTC EVALUATION.

Following review of this argument, in light of the record and applicable law, we affirm.

A-0115-18T4

II.

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient[,]" that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 696 (1984); accord State v. Fritz, 105 N.J. 42, 52, 60-161 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542

(2013) (internal quotation marks omitted) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

We defer to the motion judge's findings so long as they are "supported by sufficient credible evidence in the record." Nash, 212 N.J. at 540; see State v. Elders, 192 N.J. 224, 244 (2007) ("A trial court's findings should be disturbed only if they are so clearly mistaken that the interest of justice demand intervention and correction.") (internal quotation marks and citation omitted). Legal conclusions which flow from those facts, however, are reviewed de novo. Nash, 212 N.J. at 540-41.

Turning to defendant's argument, he maintains his plea and sentence counsel both failed to advise him he could challenge the findings and conclusions of the ADTC evaluation. Here, the record belies defendant's contentions. At the plea hearing, the judge questioned defendant as follows:

> The Court: Do you understand you'll be able to challenge the [DOC's] findings and confront witnesses against you and cross-examine them and present evidence on your own behalf if you don't agree with their findings? Do you understand that?
>
> []Defendant: Yeah.

7

As stated previously, defendant also affirmatively circled "yes" to question four on the supplemental plea form confirming his understanding that he could challenge the DOC findings. The issue was fully and properly considered by the plea judge. We have no basis to intervene.

Equally unavailing is defendant's claim that his sentencing counsel did not argue mitigating factors six, N.J.S.A. 2C:44-1(b)(6) (defendant has compensated or will compensate the victim for his conduct for the damage or injury that he sustained, or will participate in a program of community service); nine, N.J.S.A. 2C:44-1(b)(9) (the character and attitude of the defendant indicate he is unlikely to commit another offense); ten, N.J.S.A. 2C:44-1(b)(10) (defendant is particularly likely to respond affirmatively to probationary treatment); and twelve, N.J.S.A. 2C:44-1(b)(12) (the willingness of defendant to cooperate with law enforcement authorities). The PCR court found sentencing counsel argued mitigating factors six, seven[1] and ten, and the other factors were inapplicable. We agree.

"[T]he failure to present mitigating evidence or argue for mitigating factors" can be ineffective assistance of counsel where "mitigation evidence was

---

[1] N.J.S.A. 2C:44-1(b)(7) (The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense.)

withheld from the sentencing court." Hess, 207 N.J. at 153-544. Here, however, "[t]he record before us contains no indication of any similar withholding from the trial court of information that could bear on the court's sentencing analysis." State v. Friedman, 209 N.J. 102, 121 (2012). Defendant fails to identify rational mitigating evidence that sentencing counsel should have advanced.

Sentencing counsel argued mitigating factors six, seven and ten weighed in defendant's favor but the sentencing judge found only mitigating factor seven applied in part because defendant was to pay restitution to the victim upon his release.

Addressing mitigating factors ten and twelve, the PCR judge found the factors "not applicable" because defendant pled guilty to second-degree sexual assault and first-degree aggravated sexual assault, which carry sentences ranging from five to ten years and ten to twenty years respectively. Defendant was sentenced in the second-degree on both counts to eight years imprisonment subject to NERA. As to mitigating factor twelve, defendant's acceptance of the plea deal was not in cooperation with law enforcement and he did not identify another perpetrator or assist in solving another crime under State v. Read, 397 N.J. Super. 598, 613 (App. Div. 2008). Therefore, he ruled there was no factual basis to argue the two mitigating factors. Because defendant has not proffered

any evidence to support any additional mitigating factors, he has not demonstrated an entitlement to PCR relief.

## III.

Defendant further argues the PCR judge abused his discretion by denying an evidentiary hearing, asserting the existence of genuine issues of material fact. PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record . . . ." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

The record amply supports the PCR judge's findings and conclusions. Defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He was unable to demonstrate the required prejudice. Having failed to establish a prima facie case, defendant was not

entitled to an evidentiary hearing.  <u>Preciose</u>, 129 N.J. at 462.  Accordingly, the PCR court did not abuse its discretion in denying an evidentiary hearing.

To the extent we have not addressed any arguments raised by plaintiff, we have deemed such arguments lacking in sufficient merit to warrant comment in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0115-18T4