**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2674-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER M. WELCH,

    Defendant-Appellant.

_____

> Submitted November 18, 2020 – Decided December 17, 2020
>
> Before Judges Whipple, Rose, and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 15-07-0598.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).
>
> Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Christopher M. Welch, appeals the trial court's September 25, 2018, denial of his petition for post-conviction relief (PCR) following an evidentiary hearing.  We affirm.

Defendant raises the following issue on appeal:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] BECAUSE THE TESTIMONY PRODUCED AT THE EVIDENTIARY HEARING SUPPORTED COUNSEL'S INEFFECTIVENESS AT SENTENCING IN FAILING TO RAISE MITIGATING FACTORS.

I.

We discern the following facts from the record.  On May 17, 2015, defendant was arrested in Beesley's Point, Upper Township, following a high-speed police chase after he ignored police signals to stop.  Defendant abandoned his vehicle and fled on foot.  He was apprehended near Great Egg Harbor Bay, and a search of his vehicle yielded burglar's tools.

On July 21, 2015, defendant was charged with second-degree eluding, N.J.S.A. 2C:29-2(b); third-degree attempted burglary, N.J.S.A. 2C:5-1(a); and third-degree conspiracy, N.J.S.A. 2C:5-2(a) and 2C:18-2(a).  He was also issued motor vehicle tickets, including one for reckless driving. On February 11, 2016, defendant entered into a plea agreement with the State before the plea court.

Under the terms of the agreement, defendant pled guilty to a reduced charge of third-degree eluding law enforcement in exchange for dismissal of the remaining counts against him. He had an extensive, multi-state criminal history and reported "no depression or emotional problems" and "denied any history of psychological or emotional problems or treatment for either" during his plea allocution. The plea court found defendant freely and voluntarily waived his right to trial and intelligently entered the guilty plea.

On March 18, 2016, defendant appeared before the trial court for sentencing. Defendant's attorney, Salvatore Imperiale, did not argue any mitigating factors because he determined none applied. Imperiale requested that defendant be sentenced in accordance with the plea agreement and be given the shortest possible license suspension because of a job waiting for him upon release.

The sentencing court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk that defendant will commit another crime); six, N.J.S.A. 2C:44-1(a)(6) (the extent of defendant's prior criminal record and the seriousness of the offenses of which defendant has been convicted); and nine, N.J.S.A. 2C:44-1(a)(9) (the need for deterring defendant and others from violating the law)

A-2674-18T1

applied, and that there were no mitigating factors. Defendant was sentenced to five years' imprisonment with a one-year period of parole ineligibility.

On September 16, 2016, defendant was denied parole and a twenty-month future-eligibility term was set because of his repetitive offense record, commission of an offense while on probation, serious institutional infractions, and incarceration did not deter his criminal behavior.

Defendant filed a timely pro se PCR petition in December 2016, asserting that his guilty plea was not knowingly and intelligently made due to his psychiatric disorders. He also contended that his sentencing counsel, Imperiale, was ineffective for coercing him into pleading guilty; for failing to investigate and corroborate defendant's claims as to potential evidence in support of mitigating factors; for not raising mitigating factors at sentencing; for not seeking alternative treatment for his addiction and psychiatric disorders; and for not enrolling him in Drug Court.

In April 2017, PCR counsel, Eric C. Spero, entered an appearance on behalf of defendant and filed a brief in support of defendant's PCR petition in July 2017. PCR counsel reiterated defendant's arguments and also asserted that sentencing counsel was ineffective for failing to have defendant undergo a mental health examination, which ostensibly would have revealed he suffered

from mental health disorders precluding him from making a knowing and intelligent decision to enter a guilty plea. Specifically, defendant alleged that sentencing counsel should have conducted proper investigations and raised mitigating factors four, N.J.S.A. 2C:44-1(b)(4) (substantial grounds tending to excuse or justify defendant's conduct, though failing to establish a defense); ten, N.J.S.A. 2C:44-1(b)(10) (defendant is particularly likely to respond affirmatively to probationary treatment); and twelve, N.J.S.A. 2C:44-1(b)(12) (the willingness of defendant to cooperate with law enforcement authorities), at the sentencing hearing. PCR counsel further contended that defendant believed his prior counsel was conspiring with the State to convict him. The State agreed that defendant's PCR petition and supporting brief warranted an evidentiary hearing because a prima facie showing of ineffective assistance of counsel was established.

The PCR court granted an evidentiary hearing that was conducted over a period of four days spanning four months. At the onset of the hearing, PCR counsel retracted the contention that sentencing counsel was ineffective for failing to seek Drug Court admission for defendant. Counsel conceded that defendant was ineligible for enrollment in Drug Court because of active arrest warrants issued against him by several courts in the Commonwealth of

A-2674-18T1

Pennsylvania. On July 11, 2018, before the fourth and final day of the hearing, PCR counsel informed the court that defendant waived, withdrew, and dismissed, with prejudice, all of his arguments, except for the contention that sentencing counsel was ineffective for failing to argue mitigating factors four, ten, and twelve. The PCR court entered a memorializing order that day confirming defendant's representation.

During the hearing, defendant's sentencing attorney, Imperiale, testified he went over the plea agreement with defendant in detail; that defendant was "thrilled" with the plea offer; and defendant wanted to get sentenced quickly. Imperiale indicated he did not think any mitigating factors applied; therefore, he did not advance them at the sentencing hearing. Furthermore, sentencing counsel testified that information regarding defendant's mental health issues was outdated and contradicted by his representations in the pre-trial sentencing report. Because of defendant's criminal history and past violations of probation, sentencing counsel was prevented from seeking probation. Finally, Imperiale stated he was unable to corroborate defendant's alleged cooperation with law enforcement in Maryland.

The PCR court also heard testimony from Detective Carl Perry of the Ocean City, Maryland police department, Dr. Gerald Cooke, Detective Aaron

Sykes of the Cape May Prosecutor's Office, Eleanor Welch, defendant's mother, and Assistant Prosecutor Michelle DeWeese of the Cape May County Prosecutor's Office. Eleanor Welch testified that her son suffers from bipolar disorder but has refused treatment. Defendant claimed he advised Imperiale to contact Dr. Cooke. In response, Imperiale testified that defendant wanted to present a diminished capacity defense but focused on the "numbers" instead and wanted a "flat offer."

On September 25, 2018, the PCR court denied defendant's PCR petition. The court found no merit to defendant's assertion that his sentencing counsel was constitutionally ineffective for failing to investigate and present mitigating factors at sentencing. Further, the PCR court found sentencing counsel was credible in requesting the services of Dr. Cooke through the public defender's office, reviewing defendant's 2006 mental health report, and that he discussed capacity defenses with defendant. The PCR court also found defendant forged letters presented during the hearing and that he told Imperiale "he could fool Dr. Cooke" and create a fabricated record in order to avoid criminal liability.

II.

Claims of ineffective assistance of counsel are governed by the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). See State v. Fritz,

105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> standard in New Jersey).  For a defendant to establish a prima facie case of ineffective assistance of counsel under <u>Strickland</u>, the defendant must show that defense "counsel's performance was deficient," and that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  <u>State v. Preciose</u>, 129 N.J. 451, 463-64 (1992) (quoting <u>Strickland</u>, 466 U.S. at 694); <u>see also</u> <u>State v. Allegro</u>, 193 N.J. 352, 366 (2008).

"The first prong of the [<u>Strickland</u>] test is satisfied by a showing that counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." <u>Allegro</u>, 193 N.J. at 366 (quoting <u>State v. Castagna</u>, 187 N.J. 293, 314 (2006)). To satisfy the second prong of <u>Strickland</u>, a defendant must prove "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  <u>Id.</u> at 367 (quoting <u>State v. Loftin</u>, 191 N.J. 172, 198 (2007)).  The second prong is "an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'"  <u>Ibid.</u> (quoting <u>Castagna</u>, 187 N.J. at 315).  Applying this standard, we reject defendant's arguments.

8

Where there has been an evidentiary hearing, we review a PCR petition with deference to the trial court's factual findings. State v. Nash, 212 N.J. 518, 540 (2013) (citations omitted). To the extent defendant's arguments challenge the PCR court's legal conclusion, our review is de novo. State v. Parker, 212 N.J. 269, 278 (2012).

Defendant contends that evidence of his mental health history should have been raised at the sentencing hearing in support of mitigating factor four and that his addiction and mental health issues made him an ideal candidate for Drug Court or probation under mitigating factor ten. As to mitigating factor twelve, defendant asserts he provided sentencing counsel with the name of an FBI agent and a transcript from a Pennsylvania case evidencing his cooperation with law enforcement.

In State v. Hess, our Supreme Court held that "failing to present mitigating evidence or argue for mitigating factors" may constitute ineffective assistance of counsel. 207 N.J. 123, 154 (2011). The Court opined "[d]efense counsel's failure to bring relevant information in his file to the attention of the [sentencing] court so that the court could independently identify and weigh mitigating factors cannot be ascribed to strategy or reasonable professional judgment." Id. at 149-50. However, the Court has also acknowledged that a "failure to raise

unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

Here, the PCR court determined that sentencing counsel's decision not to raise any mitigating factors was "well within his professional discretion." Based on the available evidence, sentencing counsel reasonably believed the law and facts disfavored raising mitigating factors four, ten, and twelve at the sentencing hearing. The PCR court's finding was based on the sufficiently credible testimony of defendant's sentencing attorney.

There was ample evidence in the record to support the PCR court's conclusion that defendant was "manipulative" for arguing mitigating factor four and seeking to create an illegitimate defense to avoid accountability for his actions. We previously affirmed a sentencing court's refusal to find mitigating factor four where the defendant "consistently used manipulation to avoid or reduce punishment." In re Civil Commitment of W.X.C., 407 N.J. Super. 619, 627 (App. Div. 2009). Here, sentencing counsel testified that defendant disclosed he wrote letters claiming he was hallucinating in order to "create a paper trail in case we needed to use it for a psych defense." Defendant's lack of credibility is supported by the record.

As to mitigating factor ten, defendant conceded during the PCR hearing that he was ineligible for Drug Court.  Moreover, defendant's extensive criminal record essentially eliminated the prospect of probation.  The sentencing court noted defendant's extensive "multi-state criminal history [dating] back to 1994 and consist[ing] of [fifteen] juvenile arrests and [twenty-one] adult arrests."  In addition, the sentencing court noted defendant had a pending "[violation of probation] in both Delaware and Philadelphia . . . [and] fugitive charges in Cape May County."  Therefore, the PCR court aptly concluded that "no reasonable defense attorney would have attempted to argue that defendant was particularly likely to respond to probation."

As to mitigating factor twelve, defendant asserted he cooperated in a number of criminal investigations in various jurisdictions including Ocean City, Maryland, and that sentencing counsel was ineffective for failing to investigate his claims.  We disagree.  Detective Carl Perry of the Ocean City, Maryland police department testified that defendant contacted him to provide information, but the information did not lead to any arrests or prosecutions.  And, the record reveals that defendant refused to identify the individual allegedly present in the courtroom during his sentencing hearing, who was involved in a purported FBI matter.  Moreover, dicta from a Pennsylvania court indicates defendant used

similar vague examples of his alleged cooperation with law enforcement in order to avoid criminal repercussions.

Cooperation with law enforcement is only considered as mitigating evidence in limited circumstances and does not apply to every defendant who answers police questions about his own charged conduct. State v. Read, 397 N.J. Super. 598, 613 (App. Div. 2008). We held that cooperation is unlikely to be found as a mitigating factor where it does not identify other perpetrators or assist in solving other crimes. Ibid. Therefore, the PCR court was correct in finding that sentencing counsel was reasonable in not arguing mitigating factor twelve at the time of sentencing.

Moreover, to satisfy the second prong of the Strickland test, defendant also needs to establish that but for his counsel's errors, there is "a reasonable probability that . . . the result of the proceeding would have been different." 466 U.S. at 687; see also Fritz, 105 N.J. at 52. A reasonable probability is one "sufficient to undermine confidence in the outcome" of the litigation. Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 694). The error must have more than some "conceivable effect on the outcome of the trial." State v. Sheika, 337 N.J. Super. 228, 242 (App. Div. 2001).

A-2674-18T1

Having carefully reviewed the record, we reject defendant's argument that his sentencing counsel was ineffective for not arguing the mitigating factors discussed. Here, defendant fails to provide any evidence that presenting mitigating factors four, ten, and twelve at sentencing would have changed the outcome. Defendant's sentence was exactly what he bargained for in his plea agreement. Without the ability to meet the second prong of the Strickland test, this court concludes the PCR court correctly denied defendant's PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION